UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
) No. 09 CR 893
v. ) Violation: Title 18, United
) States Code, Section 1341
MATTHEW SCOTT )

JUDGE JOHN W DARRAH

MAGISTRATE JUDGE VALDEZ

The UNITED STATES ATTORNEY charges:

1. At times material herein, defendant MATTHEW SCOTT, a resident of Elmhurst, Illinois, was the President and sole owner of a company known as Gelsco, Inc. ("Gelsco"), located at 70 West Lake Street, Northlake, Illinois, which was a printer repair company.

2. Beginning in or about early 2000, and continuing until in or about March 2009, in the Northern District of Illinois, Eastern Division, and elsewhere,

MATTHEW SCOTT,

defendant herein, devised and intended to devise, and participated in, a scheme to defraud investors, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

3. It was part of the scheme that defendant MATTHEW SCOTT obtained funds totaling at least $28,000,000 from at least 60 investors by falsely representing that SCOTT and Gelsco purchased, or financed the purchase of, used high-speed commercial printers that had a value of more than $100,000, which were subsequently sold for a substantial profit.

In fact, Gelsco did not purchase, sell, or finance any such printers. The fraudulent scheme caused a loss to investors of at least $4,500,000.

4. It was further part of the scheme that defendant MATTHEW SCOTT falsely represented to investors that their funds would be used to purchase or finance printers that would be sold to third-parties. In fact, SCOTT and Gelsco did not purchase or finance such printers.

5. It was further part of the scheme that defendant MATTHEW SCOTT falsely told investors that there were specific companies that would sell the printers, which Gelsco would purportedly finance or sell to third parties, when, in fact, the companies that SCOTT identified as sellers had not agreed to the sale of any printers through Gelsco.

6. It was further part of the scheme that defendant MATTHEW SCOTT falsely told investors that there were third parties that had purportedly agreed to purchase printers from Gelsco, or finance the purchase of printers through Gelsco, even though SCOTT knew that the third parties had not agreed to purchase or finance those printers.

7. It was further part of the scheme that defendant MATTHEW SCOTT fabricated false purchase orders, invoices, promissory notes, and other documents which Scott provided to investors.

8. It was further part of the scheme that defendant MATTHEW SCOTT falsely represented to investors that Gelsco earned substantial profits by purportedly increasing the cost of the printers approximately 20%, and charging the third-party buyers approximately

20% more than the original cost. Defendant SCOTT falsely represented that the sale of the printers ordinarily took 90 days or less, so that Gelsco earned a profit of 20% within a short period of time, and SCOTT falsely promised to split those profit with the investors.

9. It was further part of the scheme that defendant MATTHEW SCOTT engaged in and operated a "Ponzi" scheme. That is, the defendant had to continually raise funds from investors as described above in order to make payments to earlier investors, all of which the defendant concealed and intentionally failed to disclose to both new and earlier investors.

10. It was further part of the scheme that in approximately May 2008, defendant MATTHEW SCOTT obtained a $300,000 loan from Hinsdale Bank and Trust Co. by falsely representing to the bank that the loan would be secured by a printer which was being sold to a third party, and by providing fraudulent documents to the bank as proof of the alleged printer sale.

11. It was further part of the scheme that defendant MATTHEW SCOTT misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the existence of the scheme, the purposes of the scheme, and acts done in furtherance of the scheme.

12. On or about April 26, 2008, in the Northern District of Illinois, Eastern Division, and elsewhere,

MATTHEW SCOTT,

defendant herein, for the purpose of executing the above-described scheme, and attempting to do so, did knowingly cause to be delivered by U.S. mail, according to the directions thereon, an envelope containing a handwritten letter and a $25,000 check payable to Gelsco, sent by an investor to Gelsco, Inc., in Northlake, Illinois;

In violation of Title 18, United States Code, Section 1341.

*[signature]*
UNITED STATES ATTORNEY